UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY L. HOELLER,

    Plaintiff,

vs.                                    Case No. 19-CV-0850

CARROLL UNIVERSITY,

    Defendant.

**BRIEF OF DEFENDANT CARROLL UNIVERSITY
IN SUPPORT OF ITS MOTION TO DISMISS
THE COMPLAINT**

**INTRODUCTION**

Defendant, Carroll University ("Carroll" or "Defendant"), respectfully submits this Brief in Support of its Motion to Dismiss the Complaint of Plaintiff Timothy L. Hoeller ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(1).

First, Plaintiff's claims under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12112 *et seq.* ("ADA") must be dismissed under Rule 12(b)(6) because they are untimely. Plaintiff filed his Complaint 96 days following the receipt of his right to sue letter without any good faith explanation for his failure to file within the 90-day limitations period. Moreover, Plaintiffs underlying Equal Employment Opportunity Commission ("EEOC") charge was not timely filed. Plaintiff filed his EEOC charge 392 days after the alleged adverse action—which is far outside the 300-day limitations period.

Second, Plaintiff failed to exhaust his administrative remedies with respect to his failure to accommodate claim as it was not plead to or considered by the EEOC, and therefore, must be dismissed under Rule 12(b)(6).

Finally, to the extent the Complaint contains claims that are unrelated to Plaintiff's employment discrimination and retaliation claims, this Court does not have jurisdiction over them, because they relate to state court civil and criminal actions involving Plaintiff. Therefore, these claims cannot survive dismissal under Rule 12(b)(1).

In sum, Plaintiff's Complaint should be dismissed in its entirety.

## STATEMENT OF ALLEGED FACTS

The following Statement of Alleged Facts is drawn from the allegations in Plaintiff's Complaint, which are taken as true for purposes of this Motion only.[1]

On April 25, 2017, Defendant terminated Plaintiff. (Dkt. #1-1, pg. 1.) In January of 2018, Plaintiff was denied re-employment with Defendant. (Dkt. #1, pg. 4.) Over a year later, on February 25, 2019, Plaintiff filed a Charge of Discrimination ("Charge") against Defendant with the EEOC alleging disability discrimination and retaliation under the Americans with Disabilities Act. (Dkt. #1, pg. 5; Dkt. #1-2, pg. 45.)[2]

Subsequently, on March 1, 2019, the EEOC dismissed Plaintiff's EEOC Charge for failure to timely file and issued a notice of right to sue letter. (Dkt. #1-2, pg. 41.)[3] On March 3, 2019, Plaintiff received the EEOC's notice of right to sue letter. (Dkt. #1, pg. 5.) In the notice, the EEOC warned Plaintiff of the time limit for filings his lawsuit by stating as follows: "Your

---

[1] Unless otherwise stated, the Statement of Alleged Facts is drawn from the allegations contained in the Complaint (Dkt. #1) and Complaint – Summary (Dkt. #1-1), which are taken as true for purposes of this Motion only. In deciding whether to grant Defendant's Motion, the Court may consider not only the facts alleged in the Complaint, but also the documents attached as exhibits to the Complaint or incorporated by reference therein. *See, e.g.*, *Wright v. Associated Ins. Cos. Inc.*, 29 F.2d 1244, 1248 (7th Cir. 1994) (explaining that "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim," and "[s]uch documents may be considered by a district court in ruling on the motion to dismiss").

[2] Dkt. #1-2, pg. 45 references Plaintiff's EEOC Charge, which the Court may consider in ruling on this Motion. Plaintiff's pleadings refer to the EEOC Charge (Dkt. #1, pg. 5) and Plaintiff attached it to his Complaint.

[3] Dkt. #1-2, pg. 41 references Plaintiff's EEOC notice of right to sue letter, which the Court may consider in ruling on this Motion. Plaintiff's pleadings refer to the right to sue letter (Dkt. #1, pg. 5; Dkt. #1-1, pg. 2) and Plaintiff attached it to his Complaint.

lawsuit **must be filed <u>WITHIN 90 DAYS</u> of receipt of this notice**; or your right to sue based on this charge will be lost." (Dkt. #1-2, pg. 41) (emphasis already in original).

Despite this warning, Plaintiff did not initiate this lawsuit until June 7, 2019, which was 96 days after the EEOC issued his right to sue letter. (Dkt. #1.)

In his Complaint, Plaintiff lodges claims for disability discrimination, failure to accommodate, and retaliation under the ADA. (Dkt. #1, pg. 4.) Defendant now moves to dismiss Plaintiff's Complaint on the grounds that his claims are time-barred and fail to state any claim upon which relief can be granted.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) requires a Court to dismiss a cause of action that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules require that the "statement" constitute a "showing," rather than a blanket assertion of entitlement to relief. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). In addition to providing the defendant(s) fair notice of what the claim is and the grounds upon which it rests, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, at 235-36 (3d ed. 2004) ("the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")). Thus, to survive a motion to dismiss, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted).

- 3 -
Case 2:19-cv-00850-JPS   Filed 07/26/19   Page 3 of 13   Document 8

In considering a Rule 12 motion, a court takes all the facts alleged in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678 (internal citations omitted). Moreover, a court is "not obligated to ignore any facts set forth in the complaint that undermine the plaintiff's claim[s]." *N. Ind. Gun & Outdoor Shows*, 163 F.3d 449, 452 (7th Cir. 1998) (citing *R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989).

**ARGUMENT**

I. **Plaintiff's ADA Claims Should Be Dismissed As Time-Barred Because They Were Filed 96 Days After The Plaintiff Received His Notice Of Right To Sue.**

Plaintiff's Complaint must be dismissed because it does not meet the statutory prerequisite to file suit. Before proceeding to court under the ADA, an individual must exhaust his administrative remedies by first, filing a timely charge of discrimination with the EEOC. *Carlson v. Christian Bros. Servs.*, 840 F.3d 466, 468 (7th Cir. 2016); *Smith v. Enter. Rent-A-Car Co. of Wis. LLC*, 2019 U.S. Dist. LEXIS 84965, *4 (E.D. Wis. May 21, 2019). Second, the individual must file suit within 90-days of receiving a right to sue letter from the EEOC. *See, e.g.*, *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 600 (7th Cir. 2009) (citing *Houston v. Sidely & Austin*, 185 F.3d 837, 838-39 (7th Cir. 1999)); *Echols v. Pferd Advance Brush, Inc.*, 2016 U.S. Dist. LEXIS 8292, *1-2 (E.D. Wis. Jan. 22, 2017). In this case, Plaintiff has not met either of these requirements.

A. **Plaintiff Did Not Timely File His EEOC Charge**

To state a timely claim for relief an individual must first file an EEOC charge within 300 days of the alleged adverse employment action. 42 U.S.C. § 12117(a); *See Lewis v. City of Chi.*,

560 U.S. 205, 210 (2010) (Title VII); *Carlson v. Christian Bros. Servs.*, 840 F.3d 466, 468 (7th Cir. 2016) (ADA); *Conley v. Vill. of Bedford Park*, 215 F.3d 703, 710 (7th Cir. 2000) (ADA); *Echols*, 2016 U.S. Dist. LEXIS 8292, *1-2. Any allegations that fall outside of the 300-day period are time-barred and not actionable. When an individual alleges multiple acts of employment discrimination, the statute of limitations begins to run for each discrete act at the time the act occurs. *See AMTRAK v. Morgan*, 536 U.S. 101, 110 (2002) (explaining that discrete discriminatory act occurs on the day it happens and holding a plaintiff "must file a charge within . . . 300 days of the date of the act or lose the ability to recover for it").

Plaintiff filed his charge of discrimination on February 25, 2019. (Dkt. #1-2, pg. 45.) Therefore, to be actionable, any alleged adverse action had to occur on or after May 1, 2018. Construing the statements in Plaintiff's Complaint as true, he states that, to the best of his recollection, alleged discriminatory acts occurred on April 25, 2017, January 22, 2018, January 29, 201[8],[4] and February 2, 2018. (Dkt. #1, pg. 4.) Therefore, the last date of discrimination that Plaintiff alleges is 392 days before he filed his EEOC Charge—92 days too late.

Although Plaintiff states he wrote a letter to the EEOC that constituted a complaint, the EEOC – the body best positioned to make a determination on its communications with Plaintiff and the contents of those communications – concluded that Plaintiff failed to timely file his discrimination complaint and dismissed his Charge. (Dkt. #1, pg. 41.) As such, Plaintiff failed to meet the first statutory prerequisite to file suit and his ADA claims should be dismissed.

---

[4] In his complaint, Plaintiff states "January 29, 2019" however, it is Defendant's understanding that this is a typo since in paragraph E of his Complaint he affirms that he was not re-hired to teach after filing his application in January 2018. As further support that the alleged action took place in 2018, Plaintiff states that he applied for a teaching position in January of 2018 in his Complaint – Summary. (Dkt. #1-1, pg. 1.) ("A re-application to teach the same and a different class were pursued the following year in 2018." . . . "Upon Hoeller's re-application to teach in January 2018 . . .").

Even if this Court finds that Plaintiff met the first statutory prerequisite because his charge was timely filed with the EEOC, which it was not, this Court should still dismiss Plaintiff's Complaint because he also did not meet his second statutory prerequisite that required him to file this lawsuit within 90 days of receipt of his right to sue letter.

### B. Plaintiff Did Not Timely File This Lawsuit

Under the ADA, "a plaintiff must file [his] suit within 90 days from the date the EEOC gives notice of the right to sue." *Houston*, 185 F.3d at 838-39 (7th Cir. 1999)). When a plaintiff fails to file suit within the 90 day window, dismissal is appropriate. *See, e.g.*, *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002); *Bell v. Dep't of Voc. Rehab.*, 2011 U.S. Dist. LEXIS 136270, *4 (E.D. Wis. Nov. 25, 2011) (the plaintiff failed to plead whether he filed his complaint "within 90 days of the issuance of the [right to sue] letter. . . . [W]hen a Title VII plaintiff fails to plead that he has complied with all the conditions precedent, his complaint should be dismissed.").

The United States Supreme Court has explained that "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)). Under limited circumstances actions may be equitably tolled. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982). "However, equitable tolling is reserved for situations in which the claimant has made a good faith error . . . or has been prevented in some extraordinary way from filing his [or her] complaint in time." *Williams v. Cty. Of Milwaukee Mental Health Complex*, 2011 U.S. Dist. LEXIS 29485, *4 (E. D. Wis. March 8, 2011) (citing *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001) (internal citations omitted)).

Here, Plaintiff's ADA claims must be dismissed because Plaintiff timely received his right to sue letter, but waited 96 days to file suit and has asserted no reason to toll the 90-day filing period.

### 1. *Plaintiff Received Timely Notice*

The 90-day filing deadline begins when a plaintiff receives actual notice of their right to sue letter, with limited exceptions. *See Bobbit*, 268 F.3d at 538 (citing *Houston*, 185 F.3d at 838-39). Notably, in his Complaint, Plaintiff affirms that he received actual notice on March 3, 2019. (Dkt. #1, pg. 5.) Therefore, no exceptions to the actual notice rule are applicable.

### 2. *Plaintiff Has Not Asserted A Sufficient Reason To Equitably Toll His Discrimination Claim.*

Equitable tolling cannot be applied to excuse Plaintiff's failure to file a timely complaint. Plaintiff asserts no good faith error or other extraordinary circumstance that exist in his case to warrant equitable tolling. *Williams*, 2011 U.S. Dist. LEXIS 29485, *4 (citing *Threadgill*, 269 F.3d at 850 (internal citations omitted)); *See also Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."). Plaintiff provides no suitable explanation as to why he filed his complaint after the 90-day period. Indeed, Plaintiff simply states that a grace period should exist for the 90-day time limit. (Dkt. #1-1, pgs. 2-3.)

In addition, Plaintiff will find no relief in the fact that he is *pro se*. The Seventh Circuit has consistently upheld dismissal of untimely complaints filed by *pro se* litigants. *See Portillo v. Zebra Techs. Corp.*, 154 Fed. Appx. 505, 507 (7th Cir. 2005) (upholding dismissal of *pro se* filed 91 days after receipt of right to sue letter); *see also Spearman v. U.S. Steel Corp.*, No. 11-cv-657, 2013 U.S. Dist. LEXIS 6200, at *7-9 (S.D. Ind. Jan. 16, 2013) (dismissal appropriate where *pro*

*se* plaintiff filed complaint 93 days after receipt of right to sue letter). Thus, Plaintiff's Complaint must be dismissed because it is not timely; *see also Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) (Although civil litigants who represent themselves "*pro se*" benefit from various procedural protections not otherwise afforded to the attorney-represented litigant . . . *pro se* litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines") (citing *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).

### 3. *Plaintiff's Complaint Should Be Dismissed* **With Prejudice,** *Because It Cannot Survive The Statute Of Limitations.*

Moreover, Plaintiff's discrimination claim should be dismissed *with prejudice* as it is clear that no possible claim could survive the statute of limitations. Dismissing Plaintiff's claims without prejudice would be futile, as any claim Plaintiff may have is now time-barred. It is well-settled that "[a] court may refuse to allow a complaint to be amended if amendment would be futile, such as where a proposed amended complaint could not survive a motion to dismiss." *Kim v. Ritter*, 493 Fed. App'x. 787, 790 (7th Cir. 2012); *see Bach v. Centocor Ortho Biotech, Inc.*, 519 Fed. App'x. 937 (7th Cir. 2013) (upholding district court's dismissal of a complaint with prejudice and finding that any amendment would be futile); *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993) ("the court should not allow the plaintiff to amend his complaint when to do so would be futile") (citing *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991)) (additional citations omitted).

Accordingly, this Court should dismiss Plaintiff's ADA claims *with prejudice* because the Complaint was filed 96 days after the EEOC issued Plaintiff's notice of right to sue letter and thus, incurably time-barred.

## II. Plaintiff Did Not Exhaust His Administrative Remedies With Respect To His Failure To Accommodate Claim.

Not only do plaintiffs have to act on their right to sue letters within 90-days of receipt, they are also limited in the claims they may allege in court. "[C]laims brought in judicial proceedings must be within the scope of the charge filed with the EEOC; an aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination." *Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005) (internal quotations omitted); *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992) (same). "[P]laintiffs may pursue only those claims that could reasonably be expected to grow out of the administrative charges[.]" *Reynolds v. Tangherlini*, 737 F.3d 1093, 1099-1100 (7th Cir. 2013). As the Seventh Circuit Court of Appeals has instructed, "[w]hen an EEOC charge alleges a particular theory of discrimination, allegations of a different type of discrimination in a subsequent complaint are not reasonably related to them unless the allegations in the complaint can be reasonably inferred from the facts alleged in the charge." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 503 (7th Cir. 1994). This rule serves the dual purpose of affording the EEOC the opportunity to carry out its investigatory and conciliatory functions and providing the party accused of discrimination notice of the conduct at issue in the charge. *See Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994).

To determine whether federal court allegations fall within the scope of an administrative charge, courts in the Seventh Circuit "look to whether the [federal court] allegations are like or reasonably related to" the charges presented to the EEOC. *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005). The Seventh Circuit has instructed that "[w]hen an EEOC charge alleges a particular theory of discrimination, allegations of a different type of discrimination in a subsequent complaint are not reasonably related to them unless the allegations in the complaint

can be reasonably inferred from the facts alleged in the charge." *Cheek*, 31 F.3d at 503. A court complaint and an EEOC charge "must, at a minimum, describe the *same conduct* and implicate the *same individuals*." *Id.* at 501 (emphasis in original) (citing *Rush*, 966 F.3d at 1110).

In Plaintiff's EEOC Charge he only alleges disability discrimination (discharge and failure to hire) and retaliation claims. At no time does he allege a failure to accommodate claim:

> I. On or about April 25, 2017, I was released from employment by the Respondent. In January 2018, I applied to be re-hired with the Respondent as an adjunct faculty member. On February 26, 2018, the Respondent obtained a temporary order of injunction against me.
>
> II. I believe that the Respondent has discriminated against me on the basis of my disability and retaliation for engaging in a protected activity, in violation of the Americans with Disabilities Act of 1990, including section 704(a), as amended.

(Dkt. #1-2, pg. 45.)

Plaintiff's current Complaint alleges discriminatory conduct including failure to hire, termination of employment, retaliation, and failure to accommodate. (Dkt. #1, pg. 4.) Notably, in his Complaint – Summary Plaintiff concedes that he never requested an accommodation.[5]

As noted by the Seventh Circuit, "differences between the claims in [a federal court] complaint and the allegations in the [EEOC] charge cannot be overlooked, even under the liberal standard of pleading applied to allegations in an EEOC charge." *Cheek*,

---
[5] "If Hoeller had known that he had performance problems under a criteria given by the General Counsel of Carroll University Ms. Catherine Jogens, J.D., then Hoeller would have asked for an accommodation." (Dkt. #1-1, pg. 1.)

31 F.3d at 502. Here, Defendant had no notice of any "failure to accommodate" claim until Plaintiff asserted it in this lawsuit, which turns the administrative exhaustion requirement on its head. The absence of any description of the failure to accommodate in the EEOC Charge requires dismissal of Plaintiff's new claim or any other claim(s) that he did not present in his EEOC charge.

Even if the court determines the failure to accommodate claim is reasonably related to the claims alleged to the EEOC, it too is untimely as the failure to accommodate claim could only relate to the period of time when Plaintiff was employed by Respondent or when Plaintiff applied for a position with Respondent in January 2018.

### III. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Remaining Claims Because They Relate To State Claims.

To the extent Plaintiff pleads additional claims, the court must dismiss these claims because it lacks subject matter jurisdiction over them.[6] Fed. R. Civ. P. 12(b)(1).

### CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant this Motion to Dismiss in its entirety and dismiss the untimely claims and, to the extent they exist, any claims the court lacks subject matter jurisdiction over.

---

[6] See contents contained in "Plaintiff Hoeller's Rights To Seal Documents Of State Harassment Petition" (Dkt. #1-1, pg. 6); "Plaintiff's Harassment Charge And Abuse Of Process" (Dkt. #1-1, pg. 4-5); and "Carroll University Failed To Seek Other Ways To Obtain Its Means In State Court" (Dkt. #1-1, pg. 7-8).

Dated this ___ day of August, 2019.

                **MICHAEL BEST & FRIEDRICH LLP**

                By:   s/ Denise Greathouse
                     Denise Greathouse, SBN 1055644
                     100 East Wisconsin Avenue, Suite 3300
                     Milwaukee, WI 53202
                     Telephone: 414-271-6560
                     Fax: 414-277-0656
                     E-mail: dlgreathouse@michaelbest.com

Attorneys for Defendant
Carroll University

CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this 26th day of July 2019, a copy of the foregoing document was filed electronically with the Court's CM/ECF system and was served on the plaintiff as indicated below.

| Timothy L. Hoeller<br>8735 North 72nd Street<br>Unit 101<br>Milwaukee, WI 53233 | ☐ Via CM/ECF Service<br>☒ Via First Class Mail<br>☐ Via E-mail: |
|---|---|

            */s/ Kristin M. Burns*
            Kristin M. Burns