UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY L. HOELLER,

Plaintiff,

vs. Case No. 19-CV-0850

CARROLL UNIVERSITY,

Defendant.

**REPLY BRIEF OF DEFENDANT CARROLL UNIVERSITY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

## INTRODUCTION

Defendant, Carroll University ("Carroll" or "Defendant"), respectfully submits this Reply Brief in Support of its Motion to Dismiss the Complaint of Plaintiff Timothy L. Hoeller ("Plaintiff") based on Plaintiff's most recent filing.

Plaintiff has filed numerous documents to support his Complaint; however, none of these documents provide this Court with a sufficient reason to toll the (1) 300 day EEOC filing deadline or (2) right-to-sue 90-day filing deadline. (See Dkts. #9-18.) Further, through his filings, Plaintiff has conceded this Court cannot review his failure to accommodate claim. Accordingly, Plaintiff's Complaint must be dismissed with prejudice.

## ARGUMENT

Plaintiff has not provided this Court with a good faith reason to divert from the standard filing deadlines. As previously laid out in Carroll's Opening Brief, before proceeding to court under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12112 *et seq.* ("ADA"), an individual must exhaust his administrative remedies by first, filing a timely charge of

discrimination with the EEOC. *Carlson v. Christian Bros. Servs.*, 840 F.3d 466, 468 (7th Cir. 2016); *Smith v. Enter. Rent-A-Car Co. of Wis. LLC*, 2019 U.S. Dist. LEXIS 84965, *4 (E.D. Wis. May 21, 2019). Second, the individual must file suit within 90-days of receiving a right to sue letter from the EEOC. *See, e.g.*, *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 600 (7th Cir. 2009) (citing *Houston v. Sidely & Austin*, 185 F.3d 837, 838-39 (7th Cir. 1999)); *Echols v. Pferd Advance Brush, Inc.*, 2016 U.S. Dist. LEXIS 8292, *1-2 (E.D. Wis. Jan. 22, 2017).

Plaintiff missed both deadlines, and therefore, Plaintiff has not stated a claim upon which relief can be granted. Plaintiff's EEOC Charge was filed 392 days after the last alleged discriminatory act. Plaintiff filed his Complaint 96 days following the receipt of his right to sue letter without any good faith explanation for his failure to file within the 90-day limitations period.

In sum, Plaintiff's Complaint should be dismissed in its entirety.

**ARGUMENT**

**I. <u>Plaintiff Had Sufficient Time To Timely File His EEOC Charge.</u>**

Plaintiff filed his EEOC Charge 392 days after the last alleged discriminatory act, and therefore, the EEOC dismissed his Charge as untimely. Any attempts by Plaintiff to use the "discovery rule" for learning of discrimination are inconsistent with the statements made in Plaintiff's initial Complaint in which Plaintiff acknowledged he was aware of potentially discriminatory statements on April 25, 2017 — the day he was terminated. (Dkt. #1-1, pg. 1) (noting that Carroll informed Plaintiff that "they had their own people" and Plaintiff taking this to understand he was "different" when Plaintiff was terminated on April 25, 2017).

Although Plaintiff experienced intervening events during his 300 day filing period, he still had more than sufficient time to file his EEOC Charge. According to Plaintiff, he was in a mental health hospital and a jail "from about February 23, 2018 through August 30, 2018." (Dkt.

#16, pg. 14.) Importantly, Plaintiff was able to communicate with the EEOC during this time period. This is evidenced by Plaintiff's first correspondence with the EEOC in his letter received by the EEOC on July 20, 2018. (Dkt. #16, pg. 9.) Thus, Plaintiff had the ability to pursue his claim while he was incarcerated. Even in the event Plaintiff could not contact the EEOC during this time frame, he had 21 days prior to being inpatient or incarcerated to file his Charge and he had 91 days after this period to file his Charge. During the final 91 days of the 300 day charge filing deadline, Plaintiff failed to prosecute his claim.

In addition, Plaintiff is incorrect that the letter to the EEOC file-stamped on July 20, 2018 constitutes a Charge of discrimination. (Dkt. #16, pg. 9) ("allegations of discrimination that were first presented to the EEOC by Hoeller's hand-written letter to the EEOC – Milwaukee office file-stamped on July 20, 2018 as received in that office.") Upon review of the letter, Plaintiff is seeking a complaint form so that he can initiate the process of filing an EEOC Charge. (Dkts. #1-2, pg. 46.) A request for a complaint for is generic and unspecific to alert the EEOC that unlawful discrimination occurred. Indeed, the EEOC also did not treat this letter as a charge of discrimination. (*See, e.g.*, Dkt. #17, pgs. 5-6.)

The 300 day statute of limitations provides ample time to potential complainants to file their charges of discrimination — no matter what types of intervening events occur during those 300 days. Plaintiff was provided with 300 days and failed to adequately prosecute his case.

## II. <u>Plaintiff Did Not Timely File This Action.</u>

In addition to Plaintiff's failure to meet the 300 day EEOC filing deadline, Plaintiff did not timely file this action. When a plaintiff fails to file suit within the 90 day window, dismissal is appropriate. *See, e.g.*, *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002). Further, Plaintiff's response brief and his other filings do not provide this Court with a good faith reason to toll the 90-day filing rule. (*See, e.g.*, Dkts. # 9-18.) Rather, Plaintiff admits he purposefully

filed his Complaint late stating, "[a]ny supposed late filing of this brief by Hoeller was meant to frustrate the opposing parties." (Dkt. #16, pg. 3).

Plaintiff's other excuses also fail to meet the standard for equitable tolling. Equitable tolling "is reserved for situations in which the claimant has made a good faith error . . . or has been prevented in some extraordinary way from filing his [or her] complaint in time." *Williams v. Cty. Of Milwaukee Mental Health Complex*, 2011 U.S. Dist. LEXIS 29485, *4 (E. D. Wis. March 8, 2011) (citing *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001) (internal citations omitted)).

Plaintiff attempts to excuse his late filing by utilizing his *pro se* status. (Dkt. #16, pg. 15.) Plaintiff argues that the 90-day deadline is arbitrary and not meant for someone like him. (Dkt. #16, pg. 15.) But the 90-day deadline is applied equally to all Plaintiffs—whether or not they are represented by legal counsel. As stated in Carroll's opening brief, *pro se* plaintiffs are not entitled to relief from filing deadlines. *See Portillo v. Zebra Techs. Corp*., 154 Fed. App'x. 505, 507 (7th Cir. 2005) (upholding dismissal of *pro se* filed 91 days after receipt of right to sue letter); *see also Spearman v. U.S. Steel Corp*., No. 11-cv-657, 2013 U.S. Dist. LEXIS 6200, at *7-9 (S.D. Ind. Jan. 16, 2013) (dismissal appropriate where *pro se* plaintiff filed complaint 93 days after receipt of right to sue letter). Moreover, Plaintiff is not unfamiliar with federal court proceedings. Plaintiff was the appellant in a Seventh Circuit employment discrimination case. (Dkt. 16, pgs. 2-3.)

Furthermore, Plaintiff explicitly chose to focus his time on other litigation matters instead of filing this action within the 90-day period. (*See* Dkt. #16, pgs. 4-5, 21.) Therefore, in this case, it is appropriate to follow the United States Supreme Court's general rule that "in the long run, experience teaches that strict adherence to the procedural requirements specified by the

legislature is the best guarantee of evenhanded administration of the law." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)).

Plaintiff also attempts to argue that a reason for his delay in filing within the 90 days was due to Carroll not responding to an offer that would allow him enough time to prepare his briefs. (Dkt. #16, pgs. 20-21.) Whether any offers were made and subsequently refused does not rise to the level of a good faith error or other extraordinary reason that would prevent from filing. (*See* Dkt. #16, pg. 21.)

The bottom line is that Plaintiff's Complaint is time-barred and he has asserted no sufficient reason to toll the 90-day filing period. Here, Plaintiff chose to pursue other claims in other courts instead of complying with the 90-day deadline. That is an insufficient reason to toll the 90-day filing deadline. As Plaintiff waited 96 days to file suit and has asserted no reason to toll the 90-day filing period, Plaintiff's Complaint must be dismissed.

## III. Plaintiff's Complaint Should Be Dismissed With Prejudice, Because It Cannot Survive The Statute Of Limitations.

Plaintiff's argument that the Court should not dismiss his Complaint with prejudice is unconvincing and incorrect. Plaintiff improperly relies on a state action that includes claims with a longer statute of limitations than the 300 days provided by the EEOC to argue against dismissal with prejudice. (Dkt. #16, pgs. 20, 25.) Plaintiff also states that "portions of this case can be heard in state court" and therefore he would be prejudiced by dismissal. (Dkt. #16, pg. 24.) Notably, Plaintiff fails to provide any evidence that his claims under the ADA are not time-barred. Any proposed amendment to Plaintiff's Complaint is futile because the Complaint would still not survive a motion to dismiss. *See Kim v. Ritter*, 493 Fed. App'x. 787, 790 (7th Cir. 2012); *see Bach v. Centocor Ortho Biotech, Inc.*, 519 Fed. App'x. 937 (7th Cir. 2013) (upholding

district court's dismissal of a complaint with prejudice and finding that any amendment would be futile).

Accordingly, this Court should dismiss Plaintiff's ADA claims *with prejudice* because the Complaint was filed 96 days after the EEOC issued Plaintiff's notice of right to sue letter and thus, incurably time-barred.

## IV. <u>**Plaintiff's Remaining Claims Are Premature Because Plaintiff Did Not Exhaust His Administrative Remedies.**</u>

In Plaintiff's August 19, 2019 filing, Plaintiff includes a "reverse-bias religious discrimination charge" and a failure to accommodate charge. (Dkt. #18, pg. 1.) In addition, Plaintiff attached a new EEOC Charge in which he alleges Carroll did not provide him with a reasonable accommodation. (Dkt. #18, pg. 5.) First, Plaintiff's filing of a new EEOC charge confirms that Plaintiff did not allege a failure to accommodate claim in his initial EEOC Charge. (*See also* Dkt. #16, pg. 8) (plaintiff admits he moved forward on filing his EEOC Charge without the failure to accommodate claim). Second, both claims are not properly before the Court because they must first be considered by the EEOC. "[C]laims brought in judicial proceedings must be within the scope of the charge filed with the EEOC; an aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination." *Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005) (internal quotations omitted); *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992) (same).

Thus, this Court cannot grant Plaintiff relief on the failure to accommodate and religious discrimination claims and they should be dismissed.

Finally, to the extent Plaintiff's response brief contains additional new claims that are unrelated to Plaintiff's employment discrimination and retaliation claims, this Court does not

have jurisdiction over them, because they relate to state court civil and criminal actions involving Plaintiff. Therefore, these claims cannot survive dismissal under Rule 12(b)(1).

## CONCLUSION

For the foregoing reasons, as well as those in Carroll University's Opening Brief, Carroll University respectfully requests that the Court enter an order dismissing Plaintiff's Complaint in its entirety.

Dated this 27th day of August, 2019.

**MICHAEL BEST & FRIEDRICH LLP**

By: s/ Denise Greathouse
Denise Greathouse, SBN 1055644
100 East Wisconsin Avenue, Suite 3300
Milwaukee, WI 53202
Telephone: 414-271-6560
Fax: 414-277-0656
E-mail: dlgreathouse@michaelbest.com

Attorneys for Defendant
Carroll University

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of August 2019, a copy of the foregoing document was filed electronically with the Court's CM/ECF system and was served on the plaintiff as indicated below.

| Timothy L. Hoeller<br>8735 North 72nd Street<br>Unit 101<br>Milwaukee, WI 53233 | ☐ Via CM/ECF Service<br>☒ Via First Class Mail<br>☐ Via E-mail: |
|---|---|

*/s/ Kristin M. Burns*
Kristin M. Burns