# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TIMOTHY L. HOELLER,<br><br>                       Plaintiff,<br><br>v.<br><br>CARROLL UNIVERSITY,<br>CATHERINE JORGENS, CINDY<br>GNADINGER, and JANE DOE *sued as*<br>*Unnamed Secretary in Provost's Office*,<br><br>                      Defendants. | Case No. 19-CV-850-JPS<br><br>**ORDER** |

       Plaintiff filed a *pro se* complaint alleging violations of the Americans Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq.* and Wisconsin state laws that arose when he was terminated from a teaching position at Carroll University. (Docket #1). Carroll University was the only defendant who appears to have been served in the action. (Docket #4). Carroll University filed a motion to dismiss the complaint, which the Court granted on various grounds. (Docket #28).

       First, the Court dismissed Plaintiff's failure to rehire claim as untimely because he did not file a complaint with the Equal Employment Opportunity Commission ("EEOC") within three-hundred days after the allegedly wrongful treatment, or with this Court within ninety days after receiving a right to sue letter, as required by statute. *Id.* at 6; 42 U.S.C. §§ 12117(a) & 5000e-5(e). The Court evaluated the communications between Plaintiff, the EEOC, and Carroll University, and determined that equitable tolling did not apply to the situation. Next, the Court dismissed Plaintiff's failure to accommodate claim because he had not properly included the

claim in his initial EEOC complaint, rendering it unexhausted. *Id.* at 10. The Court further noted that although Plaintiff informed the Court that he filed an amended EEOC complaint, that, too, would be untimely as it was filed well past the three-hundred days of the offending conduct. *Id.* Finally, the Court declined to exercise jurisdiction over Plaintiff's state law claims, noting that they also appeared to be barred by the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415–16 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

In fairly quick succession, Plaintiff filed two motions to stay the proceedings (including one with eighty-four pages in exhibits), as well as a motion for reconsideration. (Docket #33, #34, and #36). The motions to stay are basically non-sensical—they present a slew of allegations related to a state court case and refer to an appeal even though no appeal has been noticed in this case. The motion for reconsideration asks the Court to consider "new evidence of a copy of the EEOC file that has been produced on January 6, 2020," and that ostensibly bears on the Court's dismissal of the failure to re-hire claim as untimely. (Docket #35 at 1). The Court gleans from Plaintiff's submissions that he is arguing that his complaint to the EEOC should be considered timely because "the file was created on July 20, 2018 in which no charge of discrimination form was completed at that time. It is correct that this date was due to a letter (actually, the second letter to the Milwaukee office) requesting that a charge be initiated. Thus, there was no cause for action for discrimination at that time since no form was completed." *Id.* at 2. The remainder of the brief in support of the motion for reconsideration reads as a litany of complaints about his state court proceedings.

Rule 59(e) empowers a court to alter or amend a judgment on motion by a party on a motion filed within 28 days after judgment was entered. Fed. R. Civ. P. 59(e). Since judgment was entered on November 27, 2019, and Plaintiff filed the motion for reconsideration on January 15, 2020, Plaintiff's motion should be evaluated under Rule 60(b), which provides relief from "a final judgment, order, or proceeding." Rule 60(b) allows the Court to vacate a judgment based on, *inter alia*, excusable neglect, newly discovered evidence, fraud by a party, satisfaction of the judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an "extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010). The Court's determination is constrained only by its sound discretion. *Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014).

After examining Plaintiff's motion, the Court does not find any basis to provide relief under Rule 60(b). The Court has already addressed Plaintiff's argument that he "filed" a complaint with the EEOC on July 20, 2018 when he wrote a letter requesting a complaint form. The EEOC did not consider this to be a complaint because these requests are "generic and unspecific to alert the EEOC that unlawful discrimination has occurred." (Docket #19 at 3 (citing Docket #17 at 5–6) (U.S. EEOC response to Senator Tammy Baldwin's inquiry on behalf of Timothy Hoeller)). And in any case, as the Court noted, Plaintiff did not file the complaint in this Court within ninety days of receiving his right to sue letter. Additionally, any complaint that Plaintiff could file with the EEOC—including any complaint that he filed after initiating this lawsuit—that was based on the events that transpired in the winter of 2018 would be untimely.

The Court will also deny Plaintiff's motions to stay on similar grounds—the events that gave rise to his complaints occurred well past the time in which Plaintiff should have filed a complaint with the EEOC. The Court sees no reason to stay the litigation in order to allow Plaintiff to exhaust his claims, since they are clearly untimely. Moreover, based on the submissions, Court has no reason to believe that those complaints are meritorious, either.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Docket #34) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motions to stay proceedings (Docket #33, #36) be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 11th day of June, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge